UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDMUNDO MURILLO,

   Plaintiffs,

v.

CREDIT CONTROL, LLC,

   Defendant.

Case No. 1:20-cv-06792

## COMPLAINT

**NOW COMES** Plaintiff, EDMUNDO MURILLO, through undersigned counsel, complaining of Defendant, CREDIT CONTROL, LLC, as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. EDMUNDO MURILLO (the "Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1950 Park Avenue, Hanover Park, Illinois 60133.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. CREDIT CONTROL, LLC (the "Defendant") is a limited liability company organized and existing under the laws of the state of Missouri.

7. Defendant maintains a principal place of business at 5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for a Macy's Credit Card account.

11. Upon approval, Department Stores National Bank (DSNB) issued Plaintiff a credit card bearing an account number ending in 5881.

12. Plaintiff activated this card and began using his card for personal and household purchases.

13. Over time, Plaintiff made $8,166.78 in charges to this card.

14. Plaintiff's $8,166.78 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. However, Plaintiff's financial situation changed, Plaintiff defaulted on payments, and Plaintiff's $8,166.78 balance was charged-off and referred for collection.

16. Defendant mailed Plaintiff a letter, dated August 31, 2020, which stated:

| Reference # | Balance |
|---|---|
| TPA7529425 | $8,166.78 |

Current Creditor: Department Stores National Bank
Re: Your Macy's Credit Card account
Account Number: XXXXXXXXXXXX5881

Reference Number: TPA7529425
Balance Due: $8,166.78

SETTLEMENT OFFER / SAVE NOW

---

[1] Credit Control's history in the collections industry started in 1989 and currently serves over 450 clients. Credit Control, LLC was formed in 2006 by purchasing a 17 year old agency. We are a nationally licensed, full-service receivables organization. We provide customized solutions to meet the individual revenue cycle needs of each of our clients. Credit Control has continued to focus on partnering with clients to collect past-due accounts receivable balances and develop strategies to further maximize their financial results. Our unique Artiva configuration, a state of the art technology, along with the professionalism and customer service provided by our trained and qualified staff equates to unsurpassed performance.

https://www.credit-control.com/about-us/who-we-are/ (last accessed November 16, 2020).

> Please be advised, Credit Control, LLC has been authorized to offer a settlement on the above-refenced Macy's Credit Card account.
>
> Pay $3,675.05 on or before September 14, 2020 and your account will be considered resolved. Although this current offer has an expiration date, opportunities to settle may be available at a later date. We are not obligated to review this offer.
>
> You may submit payment free of charge via U.S. Mail to: PO Box 31179 Tampa FL 33631, online at www.credit-control.com or by contacting us toll-free at 888-401-9026. When sending payment via mail, please make check or money order payable to Department Stores National Bank (DSNB) and include your reference number in the memo section. If your payment is returned for any reason this offer is null and void.
>
> If you are unable to take advantage of this offer, please contact our office to discuss a payment arrangement on the balance due.
>
> Respectfully,
> Hays Roden, Collection Supervisor
> Credit Control, LLC
> hroden@credit-control.com
> 888-401-9026
>
> This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

17. Plaintiff subsequently sought assistance of Law Offices of Joseph P. Doyle LLC regarding his financial difficulties and Defendant's collection activities.

18. On October 1, 2020, Law Offices of Joseph P. Doyle LLC sent a letter to Defendant via facsimile.

19. The fax referenced Plaintiff, and provided, pertinently:

> Be advised *my office represents Mr. Edmundo Murillo* and that our client disputes the claimed debt(s) you are seeking to collect. Please provide any contract or agreement signed by my client as well as an account history showing what this debt is, how you arrived at your conclusion that my client owes the amount claimed, and when this alleged debt(s) was charged off.

(emphasis added).

20. The letter was received by Defendant on October 1, 2020 at 3:23 PM., Central Time.

21. Defendant mailed Plaintiff a letter, dated October 30, 2020 (the "Letter"), which stated:

> Date: October 30, 2020
>
> Edmundo Murillo
> 1950 Park Ave
> Hanover Park, IL 60133
>
> Creditor: DSNB – DEPARTMENT STORES NATIONAL BANK
> Account number: 5881
> Reference number: 7529425
> Re: Validation of Debt Request
>
> Dear Edmundo Murillo,
>
> Enclosed, please find a copy of the documents and/or statements you requested on the above referenced account. These documents represent debt validation on the account and we consider the request now fulfilled.
>
> Also, please note Credit Control, LLC is no longer handling your Macy's Credit Card account. Should you have any further questions, please contact Creditor directly as they will be able to assist you further.
>
> Regards,
>
> Kerry Murphy
> Manager
>
> Credit Control, LLC
>
> This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

22. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Letter was mailed directly to Plaintiff.

24. The Letter stated: "*This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.*"

## DAMAGES

25. The FDCPA seeks to protect debtors from "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

26. One of the purposes of § 1692c(a)(2) is to provide a legal buffer for the consumer and "[a] debtor who does not want to be pestered by demands for payment, settlement proposals, and so on." *Tinsley v. Integrity Financial Partners, Inc*., 634 F.3d 416, 419 (2011).

27. Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

28. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692c

29. Section 1692c provides:

> (a) **COMMUNICATION WITH THE CONSUMER GENERALLY**. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –
>
>> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

30. Defendant was informed – in writing – on October 1, 2020, that Plaintiff was represented by an attorney with respect to Plaintiff's Macy's Credit Card account.

31. Despite having notice, Defendant went around counsel and mailed the Letter directly to Plaintiff on October 30, 2020; therefore, violating 15 U.S.C. § 1692c(a)(2).

32. Plaintiff may enforce the provisions of 15 U.S.C. § 1692c(a)(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. § 1692c(a)(2);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: November 16, 2020          Respectfully submitted,

**EDMUNDO MURILLO**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com